LARRY JOE MORGAN

V.

STATE OF TEXAS

§
§
§
§
§
§
§
§
§

IN THE 396th JUDICIAL

DISTRICT COURT OF

TARRANT COUNTY TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 23 2015

Abel Acosta, Clerk

DATE: 10/26/15
FILE IN WRIT FILE
BY: ____

## MOTION
## PROPOSED FINDING OF FACTS AND CONCLUSIONS OF LAW

TO THE MOST HONORABLE JUDGE OF SAID COURT:

LARRY JOE MORGAN, HEREINAFTER, CALLED PLAINTIFF MAKES KNOWN TO THE COURT THAT HE IS ILLEGALLY RESTRAINED IN HIS LIBERTY BY JAMES A. LYNAUGH UNIT, AND THE TEXAS DEPARTMENT OF CORRECTION, AT FORT STOCKTON TEXAS, SOLELY UNDER, AND BY VIRTUE OF A JUDGMENT, AND SENTENCE CAUSE NUMBER 1249395D STYLED THE STATE OF TEXAS V. LARRY JOE MORGAN SAID JUDGMENT.

COMES NOW, LARRY JOE MORGAN, PLAINTIFF PRO SE, PLEAD TO THE COURT TO ASSERT HIS MOTION OF PROPOSED FINDING OF FACTS, AND CONCLUSIONS OF LAW.

i

- ON MARCH 25TH 2015, PLAINTIFF MAILED HIS 11.07 WRIT OF HABEAS CORPUS.

- ON APRIL 8TH 2015, PLAINTIFF RECEIVED A RESPONSE FROM THE STATE DESIGNATING ISSUES TO BE RESOLVED, BY HIS TRIAL ATTORNEYS HON. R. SCOTT WALKER, AND HON. BRIAN WALKER BY AFFIDAVITS SAID ORDER.

- ON THE FOLLOWING DAYS PLAINTIFF MAILED TRAVERSE AFFIDAVITS AFTER RECEIVING HIS TRIAL ATTORNEYS AFFIDAVITS, MAY 24TH 2015, AND JUNE 10TH 2015, BOTH MAILED WITHIN TIMELINE.

- ON THE FOLLOWING DAYS PLAINTIFF MAILED HIS TRAVERSE MOTIONS CITING HIS ATTORNEYS VIOLATIONS OF TEXAS

RULES OF DISCIPLINARY PROFESSIONAL MISCONDUCT, JUNE 1ST 2015, AND JUNE 10TH 2015, BOTH MAILED WITHIN THE TIMELINES.

## 11

THE FOLLOWING ARE THE DESIGNATED ISSUES AMONG MANY, THE STATE CHOSE TO BE RESOLVED. FURTHERMORE, PLAINTIFF WILL LIST THEM ALONG WITH HIS ARGUMENTS.

(a) COUNSEL FAILED TO PRESENT THE DEFENSE OF SELF-DEFENSE. IN NOT USING THE DEFENSE OF SELF-DEFENSE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AS THE EVIDENCE STOOD, AND MEETS THE STANDARD OF STRICKLAND V. WASHINGTON 466 U.S 668 DEFENSE COUNSEL HAS A DUTY TO BRING TO BEAR SUCH SKILL, AND KNOWLEDGE AS WELL RENDER THE TRIAL A RELIABLE ADVERSARIAL TESTING PROCESS. HAD COUNSEL PRESENTED THE EVIDENCE FOR THE RECORDS, IT WOULD HAVE COUNTER THE TESTIMONIES OF THE STATE'S VICTIM, AND WITNESSES AND THE TRIAL OUTCOME WOULD HAVE FAVOR PLAINTIFF. ALSO COUNSEL WAS IN VIOLATION OF RULE 1.03, (a), AND (b) OF TEXAS RULES OF PROFESSIONAL CONDUCT. (PLEASE NOTE THAT HEREINAFTER PLAINTIFF WILL ADDRESS TEXAS RULES OF PROFESSIONAL CONDUCT AS FOLLOW T.D.R.P.C.).

(b) COUNSEL FAILED TO SUBPOENA THE 911 CALLER WHOSE CALL COUNTER THE TESTIMONIES OF THE STATES VICTIM, AND WITNESSES. IN FAILURE TO DO SO CONSTITUTED INEFFECTIVE COUNSEL. THE 911 CALLER PLAINTIFF HEARD DESCRIBED PLAINTIFF AS BEING THE VICTIM HER TESTIMONY WOULD HAVE WARRANTEE A NOT GUILTY VERDICT. AGAIN COUNSEL MEET STRICKLAND V. WASHINGTON 466 U.S. 668 STANDARD 13(b), COUNSEL HAS A DUTY TO MAKE REASONABLE INVESTIGATIONS, OR TO MAKE A REASONABLE DECISION THAT MAKES PARTICULAR INVESTIGATIONS UNNECESSARY. COUNSEL ALSO VIOLATED RULES 8.04, (2)(3), AND (4) OF T.D.R.P.C.

(c) COUNSEL FAILURE TO SUBPOENA THE ARRESTING OFFICER, OFFICER SALAZAR. DNA TESTING WAS NEVER DONE, IT WOULD HAVE PROVE I WAS TRULY LIGIT. ALSO HAD COUNSEL DID A MEDICAL HISTORY ON PLAINTIFF HE

WOULD HAVE FOUND PLAINTIFF HAS PLATES ALONG WITH A MULTIPLE AMOUNT OF SCREWS, IN HIS RIGHT LEG DUE TO A SERIOUS INJURY IN HIS PAST. THIS INFORMATION WOULD HAVE BEEN CONTRARY TO THE STATES VICTIM, AND STATES WITNESSES TESTIMONIES, AND WOULD HAVE CHANGED THE JURY VERDICT TO NOT GUILTY, HAD, PLAINTIFF TAKEN THE STAND. FINALLY AS ASSERTED IN SAIN 372 U.S. 316 THE SUPREME COURT AFFIRMED THAT IF EVIDENCE CRUCIAL TO THE ADEQUATE CONSIDERATION OF THE CONSTITUTIONAL CLAIM WAS NOT DEVELOPED AT THE STATE HEARING A FEDERAL HEARING IS COMPELLED. FURTHERMORE, COUNSELS WAS IN VIOLATION OF SECTION 9. 1.01. (b)(1)(2) OF T.D.R.P.C. IN REPRESENTING A CLIENT A LAWYER SHALL NOT:(1) NEGLECT A LEGAL MATTER ENTRUSTED TO THE LAWYER; OR
(2) FREQUENTLY FAIL TO CARRY OUT COMPLETELY THE OBLIGATIONS THAT THE LAWYER OWES TO A CLIENT OR CLIENTS.

(d) COUNSELORS FAILURE TO PRESENT PICTURES DUR- ING TRIAL THAT WOULD COUNTER VICTIM'S TESTIMONY.
(1) THE PICTURE THAT SHOWED A CUT ACROSS THE BOT- TOM OF THE STATE'S VICTIM STOMACH, WOULD HAVE SHOW- ED THE JURY, THE STATE'S VICTIM IS A HABITUAL LIER, HE HAD ALREADY TOLD FOUR DIFFERENC STORIES ON HOW HE WERE CUT, THE PICTURE WOULD HAVE MEANT HE HAD TO TELL A FIFTH ONE. FURTHERMORE, THE PICTURE WOULD HAVE CONFIRMED PLAINTIFF'S TESTIMONY DURING HIS SENTENCING PHASE. ALSO WOULD HAVE GIVE AN FAVORABLE VERDICT. COUNSELORS CANNOT BE SAID TO HAVE MADE A TACTICAL DECISION WITHOUT FIRST PROCURING THE INFORMATION NECESSARY TO MAKE SUCH A DECISION. SEE RILEY V. PAYNE, 352 F.3D 1313,1324 (9TH CIR. 2003) ALSO SEE COUNSELORS VIOLATION OF SECTION 9., 8.04,(0)(1)(2)(3) (4)OF T.D.R.P.C.
(e) COUNSELORS FAILURE TO ADMIT THE ORIGINAL POLICE REPORT AND WITNESS STATEMENTS INTO EVIDENCE TO IMPEACH WITNESSES. IN NOT DOING SO CONSTITUTED

Ineffective assistance of counselors. Ineffectiveness is generally clear in the context of complete failure to investigate. Because counselors can hardly be said to have made a strategic choice against pursuing a certain line of investigation, when he/s has not yet obtained the facts on which such a decision could be made. See Strickland 466 U.S. at 690. Had counselors presented the original police report it would have counter the amended report. Furthermore, by not subpoenaing the witnesses in the report to impeach, violated Section 9.1.0.1.,(b)(1)(2)., 8.04.,(a)(1)(2)(3)(4) of T.D.R.P.C. Also, the police report as plaintiff saw it demonstrated collusion, and organized crime.

(f) Counselors failure to investigate the offense prior to trial. Failure to do so, constituted ineffective assistance of counselors under the 6th, and 14th amendments to the United States Constitution, and Article (1) Section (10) of the Texas Constitution. The duty to investigate is especially pressing where as here the witnesses, and their credibility are crucial to the states case. See Huffington V. Nuth 140 F.3D 572, 580 (4th Cir 1998) Furthermore, counselors violated Section 9. 1.01.,(b)(1)(2) of T.D.R.P.C. Therefore, counselors cannot be protected by law.

## Argument and Authorities

A habeas petitioner is entitled to an evidentiary hearing if he (1) alleges facts which if proven would entitle him to relief; and (2) shows that he did not receive a full, and fair hearing in state court either at trial, or in a collateral proceeding. 28 U.S.C.A. § 2254. See also Alberni V. McDaniel 458 F.3D 860 (9th Cir. 2006) The Sixth Amendment right to counsel includes a correlative right to representation free from conflicts of interest. U.S.C.A. Const.-Amend.6. Petitioner never received complete trial records on his appeal. See U.S. V. Wadsworth 830 F.2D 1500 (9th Cir 1987)., Government has the duty to provide

DEFENDANT WITH RECORD OF SUFFICIENT COMPLETENESS SO THAT HIS CLAIM OF CONSTITUTIONAL ERROR MAY BE REVIEWED ON APPEAL. COUNSELORS FAILURE TO PRESENT PICTURE OF THE STATES VICTIM BEING CUT ACROSS THE BOTTOM OF HIS STOMACH DURING TRIAL PUTS THE STATE'S VICTIM OVER PLAINTIFF, AS SAID DURING SENTENCING PHASE. SEE NEWLY DISCOVERED EVIDENCE, AND SUPPRESSION OF EVIDENCE GROUNDS FOR RELIEF. 14TH AMENDMENT. SEE ALSO, BINDERS 660 S.W.2D 103 STATE EX REL. HOLMES V. HONORABLE COURT OF APPEAL FOR THIRD DIST. (CCR. APP. 1994) 885 S.W.2D 389 REHEARING DENIED ON RE- MAND 878 S.W.2D 684. SEE U.S. V. JASIN 215 F. SUPP. 2D 552 (E.D. PA 2002) PLAINTIFF ARGUES THAT HIS TRIAL CO- UNSELORS WAS INEFFECTIVE BECAUSE THEY INEXPLICABLY FAILED TO INTERVIEW, AND CALL AT TRIAL A NUMBER OF FACTS WITNESSES PLAINTIFF TOLD THEM WOULD PRO- VIDE TESTIMONY HELPFUL TO THIS DEFENSE, AND THEY LIKE- WISE FAILED TO SEEK OUT EXPERT WITNESS REQUESTED BY PLAINTIFF. PLAINTIFF ASSERTS THAT THE RESULT OF THE TRIAL WOULD HAVE BEEN DIFFERENT HAD COUNSELORS FOLLOWED THROUGH ON PLAINTIFF'S REQUESTS. COUNSEL HAS A DUTY TO INVESTIGATE WITNESSES INTERVIEW, AND CALL THEM.

## PRAYER

PLAINTIFF PRAYS THAT THIS COURT LOOKS UPON ALL THE FACTS THATS BEEN PRESENTED HEREIN, AND ON ALL HIS PRE- CEDING DOCUMENTS, AND GRANT REQUESTS.

*Larry Morgan* PRO SE

## VERIFICATION

I, LARRY JOE MORGAN, TDCJ-ID # 1847262 BEING PRESENTLY INCARCERATED AT THE JAMES A. LYNAUGH UNIT OF TDCJ DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS ARE TRUE AND CORRECT.

*Larry Morgan* PRO SE

LARRY JOE MORGAN
                    PLAINTIFF
DOB 08-07-1960
DATE 09-11-2015
1098 S. HWY 2037
FT STOCKTON TX 79735

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON SEPTEMBER 11TH, 2015 A TRUE, AND CORRECT COPY OF THE ABOVE, AND FOREGOING DOCUMENT MOTION PROPOSED FINDING OF FACTS, AND CONCLUSIONS OF LAW WAS PLACE IN THE MAIL TO THE CARE OF HON. THOMAS A. WILDER DISTRICT CLERK 401 WEST BELKNAP STREET FORT WORTH TEXAS 76196-0402

Larry Morgan PRO SE

NO. C-396-010432-1249395-A

EX PARTE § IN THE 396th JUDICIAL
§ DISTRICT COURT OF
§
LARRY JOE MORGAN § TARRANT COUNTY TEXAS
§
§

## MOTION TO REQUEST COPIES OF TRIAL COURT RECORDS, TRANSCRIPTS DOCUMENTS, STATEMENTS, PHOTOGRAPHS ETC...ETC.. AFTER FINAL CONVICTION

COMES NOW LARRY JOE MORGAN APPLICANT PRO-SE AND LAYMAN AND RESPECTFULLY MOVES THE COURT UNDER ARTICLE 39.14.C.C.P. AND MAKES HIS MOTION FOR DISCOVERY AND INSPECTION OF ANY AND ALL COURT TRIAL RECORDS OF THE FINAL DISPOSITION OF CAUSE NO. 1249395D. AND IN SUPPORT THERE OF WOULD SHOW THE COURT THE FOLLOWING:

### 1.

THE APPLICANT IS LEGALLY INTITILED TO THE FOREGOING INFORMATION PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION OF THE ARTICLE 1, SECTION 10 AND 19 OF THE CONSTITUTION OF THE STATE OF TEXAS RULES OF EVIDENCE AND UNDER THE AUTHORITY OF ARTICLE 39.14. C.C.P.

### 2.

ALL CONFESSIONS ADMISSIONS AND STATEMENTS ORAL AND OR WRITTEN AND SET DOWN AND PRESERVED AND UTILIZ PRIOR TO OR DURING THE TRIAL FOR THE INDICMENT AND FINAL CONVICTION IN THE ABOVE FOCEMENTIONED CAUS NUMBER.

NO. C-396-010432-1249395-A

EX PARTE
§
§
§
LARRY JOE MORGAN
§
§
§

IN THE 396th JUDICIAL
DISTRICT COURT OF

TARRANT COUNTY TEXAS

## MOTION TO REQUEST COPIES OF TRIAL COURT RECORDS, TRANSCRIPTS DOCUMENTS, STATEMENTS, PHOTOGRAPHS ETC...ETC.. AFTER FINAL CONVICTION

COMES NOW LARRY JOE MORGAN APPLICANT PRO-SE AND LAYMAN AND RESPECTFULLY MOVES THE COURT UNDER ARTICLE 39.14.C.C.P. AND MAKES HIS MOTION FOR DISCOVERY AND INSPECTION OF ANY AND ALL COURT TRIAL RECORDS OF THE FINAL DISPOSITION OF CAUSE NO. 1249395D. AND IN SUPPORT THERE OF WOULD SHOW THE COURT THE FOLLOWING:

1.

THE APPLICANT IS LEGALLY INTITILED TO THE FOREGOING INFORMATION PURSUANT TO THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION OF THE ARTICLE 1, SECTION 10 AND 19 OF THE CONSTITUTION OF THE STATE OF TEXAS RULES OF EVIDENCE AND UNDER THE AUTHORITY OF ARTICLE 39.14. C.C.P.

2.

ALL CONFESSIONS ADMISSIONS AND STATEMENTS ORAL AND OR WRITTEN AND SET DOWN AND PRESERVED AND UTILIZED PRIOR TO OR DURING THE TRIAL FOR THE INDICTMENT AND FINAL CONVICTION IN THE ABOVE FOCEMENTIONED CAUSE NUMBER.

## 3.

APPLICANT CANNOT ADEQUATELY PREPARE THE NECESSARY FACTS TO SUCCESSFULLY PROVE BY PREPONDERANCE OF EVIDENCE THAT THE ERRORS CONTRIBUTED TO HIS CONVICTION.

## 4.

APPLICANT IS ILLEGALLY BEING DENIED ACCESS TO THE COURT / STATE'S ATTORNEY WITHHOLDING SAID INFORMATION WHICH HINDERS APPLICANT FROM EFFECTIVELY PREPARING HIS BRIEF.

## 5.

ALL PRIOR RECORDING INCLUDING APPLICANT'S BOND REDUCTION HEARING, 911 CALLERS, AND TRIAL, AND APPEAL HEARING AD AUDIO AND TRANSCRIPTS PROCEEDING.

## 6.

THE PRIOR CRIMINAL RECORDS OF APPLICANT'S, STATE'S VICTIM, STATES WITNESSES INCLUDING ALL ARREST AND CONVICTIONS.

## 7.

ANY AND ALL CONFIDENTIAL WITNESSES OR EYE WITNESSES THAT THE STATE USED AS EVIDENCE TO ESTABLISH SAID CONVICTION.

## 8.

ALL INHOUSE AUDIO'S AND VIDEO'S SAID TRIAL, BONDHEARING, AND MOTION FOR NEW TRIAL HEARING.

## 9.

IN SUPPORT HEREOF THE APPLICANT WOULD SHOW THE COURT THAT PRODUCTION OF SAID INFORMATION OF

THE FOREGOING ITEMS IS NECESSARY TO INSURE THAT THE APPLICANT CAN ADEQUATELY PREPARE HIS BRIEF RESPONSE TO HIS TRIAL ATTORNEYS AFFIDAVITS.

10.

THE ITEMS ARE IN THE EXCLUSIVE POSSESSION, CUSTODY AND CONTROL OF THE STATE OF TEXAS BY AND THROUGH ITS AGENTS, THE POLICE OR THE PROSECUTING ATTORNEY'S OFFICE AND THE TRIAL COURT IN WHICH APPLICANT WAS CONVICTED.

11.

THE ITEMS REQUESTED ARE AUTHORIZED TO THE APPLICANT BY LAW NOT PROVIDING APPLICANT WITH THEM IS A VIOLATION OF HIS DUE PROCESS RIGHTS.

PRO SE REPRESENTATION CONT:

PLEASE SEE HERNS VS. KEARNS. THE APPLICANT IS NOT A LICENSE ATTORNEY AND THEREFORE SHOULD NOT BE HELD TO THE STRINGENT ~~STANDRAD~~ STANDARDS OF A TRAINED COUNSEL.

THE FOLLOWING FOREGOING INFORMATION EVIDENCE WAS UTILIZED TO ESTABLISH APPLICANT'S GUILT. THUS THE ABSENT OF SUCH INFORMATION WILL AUTOMATICALLY VIOLATE THE APPLICANT RIGHT UNDER ARTICLE 39.14.CC.P. ARTICLE 1 SECTIONS 10 AND 19 OF THE CONSTITUTION OF THE STATE OF TEXAS AND THE FIFTH SIXTH AND FOUR-TEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA WILL BE VIOLATED.

PRAYER

WHEREFORE, PROMISES CONSIDERED, THE APPLICANT

RESPECTFULLY MOVES THIS HONORABLE COURT GRANT TO FOLLOWING FOREGOING REQUEST SO THAT APPLICANT CAN ADEQUATELY PREPARE HIS BRIEF.

## VERIFICATION

I LARRY JOE MORGAN TDCJ-ID# 1847262 being presently incarcerated at the James A. Lynaugh unit of TDCJ declare under penalty of perjury that the foregoing facts are true and correct.

LARRY JOE MORGAN
Applicant pro se
DOB 08/07/1960
Date 05 04 2015
1098 S. HWY. 2037
FT Stockton Tx 79735

## CERTIFICATE OF SERVICE

This is to Certify that on May 4th, 2015 a true and Correct Copy of the above and foregoing Document Requesting Record for Brief was mailed To the District Court Clerk of Tarrant County Texas In care of Tom Wilder District Court 401 west Belknap Street Fort Worth Texas 76106.

Applicant pro se

No. C-396-010 432-124 9395-A

EX PARTE

LARRY JOE MORGAN,
Complaintant

§
§
§
§
§
§
§
§

IN THE 396th JUDICIAL
DISTRICT COURT OF
TARRANT COUNTY TEXAS

## MOTION
### GENERAL TRAVERSE AND SPECIAL TRAVERSE

TO THE MOST HONORABLE JUDGE OF SAID COURT:

LARRY JOE MORGAN, HEREINAFTER CALLED COMPLAINTANT, IN THIS PRO SE MOTION MAKES KNOWN TO THE COURT THAT HE IS ILLEGALLY RESTRAINED IN HIS LIBERTY BY JAMES A. LYNAUGH AND THE TEXAS DEPARTMENT OF CORRECTIONS AT FORT STOCKTON TEXAS, SOLELY UNDER AND BY VIRTUE OF A JUDGMENT, AND SENTENCE CAUSE NUMBER 1249395D STYLED THE STATE OF TEXAS VS. LARRY JOE MORGAN SAID JUDGMENT.

COMES NOW, LARRY JOE MORGAN, COMPLAINTANT AND LAYMAN TERMS, MOVES TO OBJECT TO R.S. WALKER RESPONSE TO HIS 11.07 WRIT OF HABEAS CORPUS.

COMPLAINTANT HEREANDNOW, ASSERTS GENERAL TRAVERSE, IN SOME INSTANCING, COMPLAINTANT WILL RESPOND WITH SPECIAL TRAVERSE.

i

R.S. WALKER IS CORRECT HE WAS FIRST APPOINTED MY TRIAL COUNSELOR ON OR ABOUT NOVEMBER 21, 2012, HOWEVER S. WALKER FAIL TO MENTION IN HIS AFFIDAVIT BECAUSE HE VIOLATED SECTION 9. OF TEXAS DISCIPLINARY OF PROFESSIONAL CONDUCT RULE 1.03 AND 8.03, JUST DAYS AFTER HE WAS APPOINTED, UPON OUR APPEARANCE BEFORE THE JUDGE FOR THE FIRST TIME, I ASK THE JUDGE

TO PLEASE APPOINT ANOTHER ATTORNEY OR TO CONTINUE PRO SE, I ASSERTED THEIR HAS BEEN A TOTAL BREAKDOWN IN OUR COMMUNICATION. AS THE COURT SEE OUTLINED ON MY AFFIDAVIT DATED 5-24-2015.

S. WALKER ALSO FAIL TO MENTION I CONTINUED PRO SE AND FURTHERMORE THE COURT KEPT HIM ON AS MY ADVISOR, HOWEVER WHEN I ASKED FOR HELP, AND ADVICE, BECAUSE OF JAIL HOUSE RESTRAINTS HE SAID HE COULD NOT GIVE ME ANY ADVICE, BECAUSE HE WAS NOT MY ATTORNEY AGAIN IN MY OPINION VIOLATING RULES 1.03 AND 8.03.

## ii

ON JANUARY 18th 2013 BECAUSE I WAS BEING CONTINUALLY BLOCK FROM FILING MOTIONS AND MAKING COPIES, AS I TOLD THE JUDGE, I HAD TO SIGN S. WALKER BACK ON. FURTHERMORE S. WALKER CONTINUE TO BREACH HIS DUTIES AS MY ATTORNEY:

A. HE DID NOT INVESTIGATE VIOLATED RULE TDRPC 1.01. COMPETENT AND DILIGENT REPRESENTATION.

B. HE DID NOT PRESENT THE DEFENSE OF SELF-DEFENSE. BUT THAT WAS MY DEFENSE AS THE EVIDENCE STOOD. THEREFORE HE VIOLATED RULES 1.01., 1.03., 8.04, OF TDRPC.

C. HE DID NOT SUBPOENA THE WOMAN 911 CALLER WHOSE CALL WOULD COUNTER THOSE OF THE STATES WITNESSES. VIOLATES RULE 8.04 (2)(3) AND (4) OF TDRPC.

## iii

THE COURT WILL SEE ALL MY DESIGNATED ISSUES AND FACTS OUTLINED ON MY AFFIDAVIT DATED 5-24-15 IN RESPONSE TO R.S. WALKER AFFIDAVIT FILED 5-15-2015 AND FURTHERMORE A LAWYER SHOULD NOT ACCEPT REPRESENTATION IN A MATTER UNLESS IT CAN BE PERFORMED COMPETENTLY, PROMPTLY AND WITHOUT IMPROPER CONFLICT OF INTEREST, SEE GENERALLY RULES,

1.01, 1.06, 1.07, 1.08, AND 1.09 HAVING ACCEPTED THE REPRESENTATION A LAWYER NORMALLY SHOULD ENDEAVOR TO HANDLE THE MATTER TO COMPLETION. NEVERTHELESS IN CERTAIN SITUATIONS THE LAWYER MUST TERMINATE THE REPRESENTATION AND IN CERTAIN OTHER SITUATION THE LAWYER IS PERMITTED TO WITHDRAW.

S. WALKER NEVER TOLD ME HE WAS NOT USING THE DEFENSE OF SELF-DEFENSE. FURTHERMORE WHAT DEFENSE DID HE USE. RULE 1.03 (a) A LAWYER SHALL KEEP A CLIENT REASONABLY INFORMED ABOUT THE STATUS OF A MATTER AND PROMPTLY COMPLY WITH REASONABLE REQUEST FOR INFORMATION. (b) A LAWYER SHALL EXPLAIN A MATTER TO THE EXTENT REASONABLY NECESSARY TO PERMIT THE CLIENT TO MAKE INFORMED DECISIONS REGARDING THE REPRESENTATION. IN FACT IN LITIGATION A LAWYER SHOULD EXPLAIN THE GENERAL STRATEGY AND PROSPECTS OF SUCCESS AND ~~ORDINARY~~ ORDINARILY SHOULD CONSULT WITH THE CLIENT ON TACTICS THAT MIGHT INJURE OR COERCE OTHERS. FURTHERMORE THE GUIDING PRINCIPLE IS THAT THE LAWYER SHOULD REASONABLY FULFILL CLIENT EXPECTATIONS FOR INFORMATION CONSISTENT WITH THE DUTY TO ACT IN THE CLIENT'S BEST INTERESTS AND THE CLIENTS OVERALL REQUIREMENTS AS TO THE CHARACTER OF REPRESENTATION.

AS IT HAS BEEN ASSERTED ON COMPLAINTANT'S AFFIDAVIT DATED 5-24-2015 AND HEREIN THIS MOTION MR. RICHARD SCOTT WALKER HAS MET ALL THE VIOLATIONS OF THE TEXAS RULES OF PROFESSIONAL CONDUCT AND STRICKLAND V. WASHINGTON. THE EVIDENCE HE DID NOT PRESENT WOULD HAVE SUPPORTED THE DEFENSE, THE DEFENSE OF SELF-DEFENSE. SEE JACKSON V. VIRGINIA 443 U.S. 307 (1979), THE SIXTH AMENDMENT GUARANTEES A DEFENDANT EFFECTIVE ASSISTANCE OF COUNSEL.

TRIAL COUNSEL'S PERFORMANCE WAS SEVERELY DEFICIENT AND MALICIOUS IN VIOLATION OF THE SIXTH AMENDMENT. FURTHER THE COUNSEL'S PREFORMANCE MEETS THE STANDARD LAID DOWN IN STRICKLAND V. WASHINGTON 466 U.S. 668 (1984) FOR DETERMINING THE INEFFECTIVE ASSISTANCE OF COUNSEL WHICH IS AS FOLLOWS: (a) COUNSEL ACTED UNREASONABLY AND (b) THE COUNSEL'S ACTIONS PREJUDICED THE CLIENT.

TRIAL COUNSEL PROVIDED INADEQUATE ASSISTANCE IN THE TRIAL OF THIS CASE WHICH PREJUDICED THE COMPLAINTANT IN THE FOLLOW PARTICULARS: AS IF I WOULD HARM SOMEONE CONTRARY TO SELF DEFENSE.

AS SET FORTH ON COMPLAINTANT'S 11.07 AND HIS AFFIDAVIT DATED 5-24-2015 AND HEREIN THE FULL COMPLETE AND TRUTHFUL EVIDENCE IN THIS CASE SHOWS THAT COMPLAINTANT'S CONVICTION IS BASED UPON NOT PRESENTING TRUE EVIDENCE AND FALSE TESTIMONIES, SABOTAGING COMPLAINTANT'S DEFENSE.

TRIAL COUNSEL INTENTIONALLY ACTED AGAINST THE COMPLAINTANT AND DID NOT ATTEMPT TO PRODUCE OR EVEN OBTAIN RELEVANT EVIDENCE, CALL ATTENTION TO UTILIZE IMPORTANT EVIDENCE NOR CALL ON IMPORTANT WITNESSES TO PROVE THAT COMPLAINTANT HONESTLY IS LIGIT. FAILURE TO PRESENT TO THE JURY THIS EVIDENCE WHICH WOULD HAVE CLEARLY AND SCIENTIFICALLY PROVEN THAT COMPLAINTANT ACT IN SELFDEFENSE SHOW CLEAR SABOTAGE AND MALICE OF COMPLAINTANT DEFENSE AND CONTRIBUTED TO A SUCCESSFUL MALICIOUS PROSECUTION AND ACTED IN ACCORDANCE WITH TEXAS LAWS. THIS EVIDENCE WOULD HAVE CHANCE THE VERDICT OF THE JURY AS REQUIRED UNDER THE HARMLESS ERROR RULE DETERMINED IN BRECHT V. ABRAHAMSON. THE SUPREME COURT HAS HELD THAT ERRORS ARE HARMLESS UNLESS THEY HAVE A "SUBSTANTIAL

AND INJURIOUS EFFECT OR INFLUENCE IN DETERMINING THE JURY'S VERDICT." THE COMPLAINTANT COUNSEL CANNOT BE PROTECTED UNDER THE HARMLESS ERROR RULE AS HIS FAILURE TO PRODUCE RELEVANT EVIDENCE RELEVANT TESTIMONY A SERIOUS COMPETENT DEFENSE STRATEGY (AS AGREED TO IN FRONT OF THE JUDGE) AS A CONDITION OF COMPLAINTANT ACCEPTING COURT APPOINTED COUNSEL AND THIS RESULTED IN THE JURY FINDING THE COMPLAINTANT GUILTY. AS OUTLINED ON COMPLAINTANT 11.07 AND HIS AFFIDAVIT AND THIS MOTION HEREIN COMPLAINTANT'S ATTORNEYS PROFORMANCE WAS DEFICIENT STRICKLAND V. WASHINGTON 466 U.S. 668 104 S.C.T 2052 80 L.E.D 2D 674 1984 THE SUPREME COURT HELD THAT TO ADVANCE SUCCESSFULLY AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM YOU MUST PROVE THAT COUNSEL PROFORMANCE WAS DEFICIENT. COUNSELOR'S ACTION WAS NOT SOUND TRIAL STRATEGY ON COMPLAINTANT BEHALF.

## PRAYER

COMPLAINTANT PRAYS THAT THIS COURT LOOKS UPON ALL THE FACTS THATS BEEN PRESENTED ON HIS 11.07 AND AFFIDAVITS AND FINALLY, THIS MOTION AND GRANT HIS 11.07 WRIT OF HABEAS CORPUS.

## VERIFICATION

I LARRY JOE MORGAN TDCJ-ID# 1847262 BEING PRESENTLY INCARCERATED AT THE JAMES A. LYNAUGH UNIT OF TDCJ DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS ARE TRUE AND CORRECT.

*Larry Morgan*

LARRY JOE MORGAN
                    COMPLAINTANT PRO SE

DOB 08 07 1960
DATE 06 01 2015
1098 S. HWY 2037
FORT STOCKTON, TEXAS
79735

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT ON JUNE 1, 2015 A TRUE AND CORRECT COPY OF THE ABOVE AND FOREGOING MOTION TRAVERSE WAS MAILED TO THE DISTRICT CLERK 401 WEST BELKNAP FORT WORTH TEXAS 76196-0402

LARRY JOE MORGAN
Complaintant PROSE

TDCJ-ID # 1847262

DOB 08 07 1960
LYNAUGH UNIT O-14
1098 S. HWY 2037
FORT STOCKTON, TX
79735